Edward F. Lyons, trading as Auto Tire Sales Company, Appellant, v. United States Fidelity & Guaranty Company, Appellee.

Gen. No. 23,557. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

## Statement of the Case.

Action by Edward F. Lyons, trading as Auto Tire Sales Company, plaintiff, against United States Fidelity & Guaranty Company, defendant, on a burglary insurance policy, for the value of merchandise stolen from premises occupied by plaintiff. From a judgment of *nil capiat,* plaintiff appeals.

LITZINGER, HEALY & REID, for appellant.

ZIMMERMAN, GARRETT & RUNDALL, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 131*—*what merchandise not covered by burglary policy.* A burglary insurance policy on merchandise located on the main floor of a building at certain numbers on a specified street cannot be extended so as to make it cover merchandise contained in a shed to which no reference is made in the policy.

2. INSURANCE—*when shown not to be intention to cover property on other than described premises by burglary policy.* In an action on a burglary insurance policy to recover for the loss of merchandise in a shed not connected with the described premises and located in the rear of a lot on another street, where it appeared that prior to the loss plaintiff had a conversation with the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

agent of defendant concerning insurance on the merchandise contained in the shed, and, after this conversation, such agent, who also represented the fire insurance company that had issued fire policies on the merchandise in the store, found, upon investigation, that the shed should have been described differently than it was described and the fire policy changed so as to cover the merchandise in the shed as well, but no change was made in the burglary policy, evidence *held* sufficient to show that the merchandise contained in the shed was not intended to be and was not included in the burglary policy.

---

## Earline Durrell, Plaintiff in Error, v. Robert T. Durrell, Defendant in Error.

### Gen. No. 23,570. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

### Statement of the Case.

Petition by Earline Durrell, plaintiff, against Robert T. Durrell, defendant, for restoration of a decree for alimony. From a decree dismissing the petition for want of equity, plaintiff brings error.

P. J. O'SHEA, for plaintiff in error.

McCULLOCH & McCULLOCH, for defendant in error; BERTRAM W. ROSENSTONE, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.